# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30294
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE CALDERON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CR-150-1

---

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Jose Calderon appeals his conditional guilty plea conviction for possession with intent to distribute cocaine. In particular, he challenges the denial of his motion to suppress evidence seized in connection with a traffic stop. He makes two arguments in support: that the officer who pulled him

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

over unconstitutionally prolonged the initial traffic stop and that his consent to a search of his truck was not voluntary.

Calderon has forfeited his first issue. The district court held that the officer did not unconstitutionally prolong the stop prior to obtaining Calderon's consent to a search. It offered two alternative and independent bases for its holding: (1) the stop was *not prolonged* beyond the time necessary for the officer to complete all tasks relevant to his original justification for pulling Calderon over and (2) even if the stop *was* so prolonged, the officer had by then developed reasonable suspicion of drug trafficking such that the extension was proper. Calderon challenges the second basis on appeal, arguing that reasonable suspicion to extend the stop was absent. But crucially, he offers no argument or even acknowledgment of the district court's first basis, which was independently sufficient to support its holding. He has therefore forfeited review of the issue on appeal. *See United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Furthermore, we are not persuaded that the district court clearly erred in finding Calderon's consent to be voluntary under the applicable six-factor test and the totality of circumstances, which the district court correctly observed are similar to those in *United States v. Perales*, 886 F.3d 542 (5th Cir. 2018). *See United States v. Soriano*, 976 F.3d 450, 455-58 (5th Cir. 2020); *Perales*, 886 F.3d at 545-48.

Accordingly, the judgment of the district court is AFFIRMED.